UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SCREENCO SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00305-JPH-CSW |
| | ) | |
| SCOTT SEPTIC & PORTABLES, INC., | ) | |
| JAMES SCOTT, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On February 17, 2023, Plaintiff filed a complaint against Defendants
Scott Septic & Portables, Inc. and James Scott, seeking damages for infringing
Screenco's '889 patent.  Dkt. 1.  Defendants have not responded or defended
this case.  On April 10, 2023, a clerk's entry of default was entered against the
Defendants.  Dkt. 16.  Plaintiff has filed a motion for default judgment and
motion to amend.   Dkt. [17].  For the reasons that follow, that motion is
**GRANTED**.

**I.**
**Motion to Amend**

Federal Rule of Civil Procedure 15(a)(2) allows parties to amend their
pleadings with leave of court.  While district courts should "freely give leave [to
amend the pleadings] when justice so requires", Fed. R. Civ. P. 15(a)(2), a
motion to amend may be denied when granting leave to amend would result in
"futility, undue delay, prejudice to another party, or bad-faith conduct", *Allen v.
Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022).

1

Here, correcting the name of defendant from "James Scott" to "James Scott, Jr." will not result in "futility, undue delay, prejudice to another party, or bad-faith conduct" to the defendants. The Complaint itself was served on Mr. Scott, Jr.'s wife Nikki Scott, who was authorized to receive service on his behalf. *See* Dkts. 9, 10; dkt. 18-1 ¶ 14.

## II.
## Motion for Default Judgment

### A.   Liability

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the Complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek a default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against the Defendants, dkt. 16, and Plaintiff seek default judgment. The allegations in the Complaint, when taken as true, establish liability, so the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

### B.   Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Here, Plaintiff seeks damages, prejudgment interest, costs, and attorney fees. Dkt. 17 at 2. The

2

damages can be calculated from definite figures in Plaintiff's evidence and the Plaintiff's detailed declaration, so a hearing is unnecessary. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007); Dkt. 18-3 (Meyer Decl.).

### 1. Lost Profits and Treble Damages

Screenco requests $36,438 in damages, which is Screenco's lost profits ($12,146) trebled. Dkt. 18 at 32.

To recover lost profits in a patent case, Screenco must both "show a reasonable probability that, 'but for' the infringement it would have made the sales that were made by the infringer" and the approximate amount of profit it would have made on those sales. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995). *See also* Seventh Circuit Pattern Civ. Jury Instr. 11.4.3. The burden of proving damages is on the patentee. *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). "A patentee may resort to any method showing, with reasonable probability, entitlement to lost profits 'but for' the infringement." *Micro Chemical, Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003).

Screenco is asking for damages only for the lost sale to the Defendants, not to a third-party buyer. Dkt. 18-3 ¶ 7. Screenco is only pursuing this single lost sale, in part, it explains, because it was unable to get discovery from the Defendants due to their default. Dkt. 18 at 22 n. 1.

In support of its requests for lost profits, Screenco submits the declaration of its president and owner, Scott Meyer. Dkt. 18-3. Mr. Meyer's

declaration states that Screenco provided Defendants with an estimate for two of Screenco's products.  Dkt. 18-3 ¶ 5.  Instead of purchasing Screenco's devices, the Defendants built a replica device, thus infringing on Screenco's patent.  Dkt. 18-3 ¶ 6.  Referencing a replica device that Defendants built using Screenco's products, Mr. Scott "indicated to the members of Facebook group [that the device] was indeed a Screenco device." *Id.*  The Complaint and exhibits attached to the Complaint establish that the Defendants' told their social media followers that their replica of the device made by Screenco and provided them with the benefits of higher productivity and less fuel usage. Dkt. 1 at 6-7.  Mr. Meyer states that it cost $6,539 to produce the authentic Screenco device, and Screenco priced the device at $18,685, yielding a total profit of $12,146 per unit.  Dkt. 18-3 ¶ 7.

These facts establish with reasonable probability that had the Defendant not created a replica of Screenco's product and passed it off as their own, they would have purchased Screenco's product.  *Rite-Hite Corp.*, 56 F.3d at 1545. *See also* Seventh Circuit Pattern Civ. Jury Instr. 11.4.3; Dkts. 1, 18-3.  Thus, because Screenco can demonstrate with reasonable probability that 'but for the infringement" it would have sold to the Defendants, Screenco is entitled to $12,146.

35 U.S.C. § 284 permits a court to "increase a finding of damages up to three times the amount found or assessed." Conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or – indeed – characteristic of a pirate" warrants enhanced damages.  *Halo Elecs., Inc. v.*

*Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1935 (2016). Here, Screenco has shown that the Defendants have acted willfully. Defendants were on notice of Screenco's patent rights, not just from Screenco's information on its website but from the marketing materials that the Defendants received from Screenco. Dkt. 1 ¶¶ 14, 16. Further, the Defendants admitted in a video posted to Facebook that their device was a copy or replica of a Screenco device. Dkt. 1 ¶ 35. Because Defendants acted willfully, the Court awards Screenco its requested treble damages of $36,438.

### 2. Prejudgment Interest

35 U.S.C. § 284 provides for interest in patent cases. *See Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). Prejudgment interest should be calculated at the "market rate" which is "an average of the prime rate for the years in question." *Cement Div. v. City of Milwaukee*, 31 F.3d 581, 587 (7th Cir. 1994). "The basic purpose of prejudgment interest is to put a party in the position it would have been in had it been paid immediately. It is designed to ensure that a party is fully compensated for its loss." *American Nat. Fire Ins. v. Yellow Freight Sys.*, 325 F.3d 924, 935-36 (7th Cir. 2003) (quoting *City of Milwaukee v. Cement Div. Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995)).

Therefore, the Court calculates prejudgment interest "from the date of the loss or from the date on which the claim accrued." *Id.* Screenco requests that prejudgment interest be calculated from May 2022 when the Defendants published the video demonstrating their use of their replica infringing device. Dkt. 18 at 25. The Court finds that the claim accrued no later than this date

and accepts Screenco's average prime rate of 6.77% for the years in question.
Dkt. 18 at 25; Dkt. 18-1¶ 12.  Additionally, while Screenco's motion calculates
1.25 years since that accrual date, at the time of the Court's ruling, 1.75 years
have passed.  Therefore, the Court calculates and awards prejudgment interest
using the same simple interest calculation requested by the plaintiff, dkt. 18 at
25, adjusting for the passage of time:

$36,438 x .0677 x 1.75 years = $4,316.99.

### 3. Attorney fees and costs

#### a. Exceptional case

35 U.S.C. § 285 permits an award of "reasonable attorneys' fees to the
prevailing party" in "exceptional cases." The Supreme Court has held that "an
'exceptional' case is simply one that stands out from others with respect to the
substantive strength of a party's litigating position (considering both the
governing law and the facts of the case) or the unreasonable manner in which
the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572
U.S. 545, 554 (2014).  District courts should exercise their "equitable
discretion", determining whether a case is exceptional after consideration of the
"totality of the circumstances." *Id.*  Given the Defendants' failure to respond to
this lawsuit and the strength of Screenco's allegations regarding Defendants'
willful infringement, the Court will award reasonable attorneys' fees under
§ 285.

### b. *Reasonable Attorneys' Fees*

There is "[n]o precise formula" for reasonable attorneys' fees, "but the starting point is usually the lodestar method." *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 675, 682 (7th Cir. 2022).  *See also Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) ("In calculating an attorney fee award, a district court usually applies the lodestar method, which provides a presumptively reasonable fee amount . . . .").  "[T]he lodestar method multiplies the attorney's reasonable hourly rate by the hours the attorney reasonably expended." *Cooper*, 42 F.4th at 682.  This figure can be then adjusted to "to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id.* Additionally, the Court must consider proportionality between the amount recovered and the fee award but need not do so "mechanically." *Id.* at 686–87.

Screenco requests $30,990.45 in attorneys' fees and costs of $4,912.31. Dkts. 18 at 32; 18-4 at 8.  In support, they have provided declarations from Plaintiffs' counsel Dale Barr and Paul Overhauser and a detailed printout of counsel's billing records. Dkts. 18-1; 18-2; 21. These declarations and records also establish that counsel paid the filing fee, service fees, postal fees, and fees related to investigation services to bring this case. Dkts. 18-1; 18-2; 21.

Here, the rates—Mr. Overhauser bills $460 hourly, Mr. Barr bills $325 hourly, and Paralegal Tanya Ethridge bills $225 hourly—appear reasonable. "The lawyer's regular rate is strongly presumed to be the market rate for his or

her services." *Moriarty ex rel. Loc. Union No. 727, I.B.T. Pension Tr., & the Teamsters Loc. Union No. 727 Health & Welfare Tr. v. Svec*, 429 F.3d 710, 718 (7th Cir. 2005). Both Mr. Overhauser and his paralegal's rates are what he bills both Screenco and his other clients for services rendered. Dkt. 18-2 at 1. Therefore, the Court finds the rates reasonable.

Additionally, Mr. Barr's hourly rate of $325 is substantially lower than his typical hourly rate for patent litigation. Dkt. 18-1 at 2. And he believes his rates are in accordance with or lower than the market rate for legal services in Indiana. *Id.* at 3. Mr. Barr's assessment seems reasonable, so the Court accepts it. *See also Design Basics, LLC v. Kerstiens Home & Designs, Inc.*, No. 116CV00726TWPDLP, 2019 WL 4749916, at *7 (S.D. Ind. Sept. 30, 2019), *aff'd sub nom. Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 1 F.4th 502 (7th Cir. 2021) (writing that hourly rates of $165.00 to $435.00 "are consistent with the prevailing rates in the Indianapolis market").

Additionally, the detailed billing descriptions and Mr. Barr's Declaration demonstrate that the requested amount of time spent on this case is reasonable and justified by the facts of this case as well as proportional to the total damage award. *See* Dkt. 18-1 at 3; Dkt. 21-1; Dkt. 21-2. Plaintiffs are also entitled to $4,912.31 in costs.

### C.   Injunctive Relief

The Complaint requests an injunction to enjoin Defendants from infringing on Screenco's '889 Patent. Dkt. 1 at 13. And the injunction in the

Proposed Order largely parallels the language used in the Complaint.  Dkt. 18-4 at 8.

Courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.  The Supreme Court has established that a plaintiff must demonstrate four factors before the Court may grant injunctive relief: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Screenco has demonstrated in its motion that these factors are met.  *See e360 Insight*, 500 F.3d at 605 ("In our evaluation of the injunction, we are mindful that it followed a default judgment, and, therefore, we take as true the facts of the complaint.").  Screenco's Complaint alleges that Defendants will continue infringing Screenco's patent unless enjoined, dkt. 18 at 26 (citing dkt. 1 ¶ 42), and this infringement is causally connected to Screenco's loss of profits, *id.* at 26–27 (citing *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1361 (Fed. Cir. 2013)).  Second, other remedies, such as a monetary damages, are inadequate to compensate for the injury since the Defendants have touted their improved profitability with their infringing use of Screenco's device, dkt. 18 at 27, and often monetary damages are an inadequate "remedy against

9

future infringement because the principal value of a patent is its statutory right to exclude." *Crescent Servs., Inc. v. Michigan Vacuum Trucks, Inc.*, 714 F. Supp. 2d 425, 431 (W.D.N.Y. 2010). *See also Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013). Third, the balance of hardships favors Screenco, as Screenco continues to be harmed by infringing sales, whereas Defendants' burden would be the "cost of forgoing unauthorized trespass on [Screenco's] intellectual property, which is not given any weight in an equitable balance." *Evolusion Concepts, Inc. v. HOC Events, Inc.*, No. 219CV02736JLSDFM, 2022 WL 17541043, at *9 (C.D. Cal. Oct. 28, 2022). Last, as Screeno points out "the public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors," and here, there are no countervailing factors to suggest that the public interest would not support Screenco's request for injunctive relief. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 809 F.3d 633, 647 (Fed. Cir. 2015); Dkt. 18 at 28–29. Based on the *eBay* four-factor test, the Court grants Screenco's requested injunctive relief.

## III.
## Conclusion

Plaintiff's motion for default judgment and motion to amend is **GRANTED**. Dkt. [17]. Screenco is entitled to damages, prejudgment interest, attorney's fees and costs, which amounts shall accrue post-judgment interest according to the maximum statutorily authorized amount. Screenco's requested monetary relief is summarized below:

**Damages**                          $ 36,438.00

| | |
|---|---|
| **Prejudgment Interest** | $ 4,316.99 |
| **Attorneys' fees** | $ 30,990.45[1] |
| **Costs** | $ 4,912.31 |
| **Total monetary judgment awarded** | $ 76,657.75 |

In addition, the Court permanently enjoins the Defendants, jointly and severally, along with their employees, agents, representatives, successors in interest, and all others in active concert or participation with Defendants, from making, using, selling, or offering to sell any and all replica receiving stations that are identical to, or that are substantially similar to, Plaintiff's designs as protected by United States Design Patent No. D757,889 S entitled "Septic Receiving Station With Screen" (the "'889 Patent").  Dkt. 1-1.

Final judgment shall issue by separate entry.  Plaintiff's requested injunctive relief shall also issue by separate entry.

**SO ORDERED.**

Date: 3/26/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Dale Barr
Constellation Law Group PLLC
admin@constellationlaw.com

---

[1] Fees and costs are awarded but are not listed in the final judgment because they are separate from the merits. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (explaining that "motions for costs or attorney's fees are independent proceeding[s] supplemental to the original proceeding" and therefore, "collateral") (quotations omitted); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, 108 S. Ct. 1717, 1721, 100 L. Ed. 2d 178 (1988) ("[I]t [is] indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain."); *Dobyns v. United States*, 915 F.3d 733, 738 (Fed. Cir. 2019) (attorney's fees are a "collateral issue").

Paul B. Overhauser
OVERHAUSER LAW OFFICES LLC
poverhauser@overhauser.com