UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SCREENCO SYSTEMS, LLC,         ) | |
|                ) | |
|       Plaintiff,        ) | |
|                ) | |
|       v.             ) | No. 1:23-cv-00305-JPH-CSW |
|                ) | |
| SCOTT SEPTIC & PORTABLES, INC.    ) | |
| Clerk's Entry of Default entered        ) | |
| 10/10/2023,            ) | |
| JAMES SCOTT an individual.  Clerk's   ) | |
| Entry of Default entered 10/10/2023,    ) | |
|                ) | |
|       Defendants.      ) | |

**ORDER DENYING MOTION TO VACATE JUDGMENT**

Plaintiff, Screenco Systems, LLC, brought this case in February 2023 against Defendants Scott Septic & Portables, Inc. and James Scott. Dkt. 1. A summons was issued for Mr. Scott and served by private process server to his place of employment, where both James Scott Sr. and James Scott Jr. work. Dkt. 4; *see* dkt. 29 at 1. Service was accepted by Nikki Scott—James Scott Jr.'s wife—on February 23, 2023. Dkt. 10; *see* dkt. 29. In April 2023, the Clerk entered default against Scott Septic and Mr. Scott for failure to plead or otherwise defend this action. Dkt. 16; dkt. 18.

In August 2023, Screenco filed a motion for default judgment and to amend the individual defendant's name from "James Scott" to "James Scott, Jr." Dkt. 17; dkt. 18. That motion was granted and judgment entered against Scott Septic and James Scott, Jr. in March 2024. Dkt. 24; dkt. 28 (amended judgment). Screenco registered the judgment in Indiana state court and in

1

September 2024 filed a motion for proceedings supplemental to enforce the judgment.  Dkt. 32-1 at 1 (Hartley aff.).

In April 2026, more than two years after entry of judgment, Mr. Scott filed a motion under Federal Rule of Civil Procedure 60(b)(4) to vacate void judgment and to stay the state-court enforcement of the judgment, arguing that he was never properly served.  Dkt. 29.

"It is very well established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances."  *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000).  As with all Rule 60(b) motions, a motion alleging that a judgment is void under Rule 60(b)(4) must be brought within a "reasonable time."  *Coney Island Auto Parts Unlimited, Inc. v. Burton*, 607 U.S. 155, 157, 161 (2026) (holding that the "reasonable time . . . limit applies to a motion alleging that judgment is void").  "There is no hard and fast rule as to how much time is reasonable."  *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986).  "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice if any to other parties."  *Id.*

Screenco argues that Mr. Scott's motion to vacate[1] is untimely because he was served in this action and in the state court proceedings supplemental, appeared in those state-court proceedings, and communicated with Screenco's

---

[1] Mr. Scott's motion to vacate did not address its timeliness.  Dkt. 29.

counsel long before filing his Rule 60 motion.  Dkt. 32 at 5–6; dkt. 32-1 at 1–34 (Hartley aff. and state-court filings).  Mr. Scott contends that his motion is timely because he is challenging an allegedly void judgment and filed his motion "after learning [that Screenco] intended to enforce the judgment against him personally through Indiana garnishment proceedings."  Dkt. 33 at 4; dkt. 34 at 3.

While Mr. Scott argues that the "reasonable time" requirement does not apply because he alleges that the judgment is void, the Supreme Court expressly rejected that argument earlier this year.  *See Coney Island*, 146 S. Ct. at 583 ("Even if the passage of time cannot cure voidness, the same principle holds true for most legal errors . . . statutes and rules routinely limit the time during which a party can seek relief from a judgment infected by error.").  "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010).

Even assuming that Mr. Scott did not receive service in this case after his wife accepted it in February 2023, he received notice of the judgment against him long before filing his motion to vacate.  In May 2024, Screenco served him notice, by mail to his home address, of the state-court proceedings supplemental to enforce the federal judgment.  Dkt. 32-1 at 1 (Hartley aff.), 22 (certificate of mailing).  Then, in May 2025, Screenco mailed Mr. Scott an order to appear in those proceedings on June 30, 2025 "to answer as to wages, assets, profits and other non-exempt property which are available to satisfy this judgment."  *Id.* at 1 (Hartley aff.), 23–30 (order to appear and affidavit of

3

service).  He was again ordered to appear on November 24, 2025.  Dkt. 32-1 at 2 (Hartley aff.), 31–36 (order to appear and affidavit of service).  Both orders were addressed to "James Scott, Jr." and identified him as the "judgment defendant" owing Screenco "the principal sum" ordered in the federal judgment in this case.  *Id.* at 23–36.  Mr. Scott personally attended both state-court hearings, on June 30, 2025, and November 24, 2025.  *Id.* at 2 (Hartley aff.).  Mr. Scott also emailed Screenco's counsel beginning in July 2025 about the proceedings.  *Id.*

Because Mr. Scott had notice of the judgment in this case long before filing his motion to vacate, his motion was not filed in a "reasonable time."  *See Braun v. Village of Palatine*, 56 F.4th 542, 554 (7th Cir. 2022) ("Braun's motion, coming fifteen months after the dismissal order, was hardly filed 'within a reasonable time.'"); *McCormick*, 230 F.3d at 326–28.  For example, the Seventh Circuit has affirmed the denial of a Rule 60(b) motion as untimely when plaintiff's counsel "did not realize that judgment had been entered" for two months.  *Sparrow v. Heller*, 116 F.3d 204, 206 (7th Cir. 1997).  Here, even if Mr. Scott did not initially realize that judgment had entered against him, he waited many months after learning of it.  *See id.*; *cf. Kangol LLC v. Hangzhou Chaunyue Silk Import & Export Co.*, 177 F.4th 793, 797 (7th Cir. 2026) (quoting *Coney Island*, 607 U.S. 155) (explaining that in some cases, "in the context of a default judgment, it might be reasonable for a defendant not to seek relief before learning about a plaintiff's attempted enforcement).

Mr. Scott could have filed his motion to vacate at least by the time he was "involved in prolonged litigation in the state courts over this very issue." *Sudeikis v. Chicago Transit Authority*, 774 F.2d 766, 769 (7th Cir. 1985) (affirming the denial of a Rule 60(b) motion as untimely). Instead, he delayed long after learning of—and participating in—Screenco's attempted enforcement. That makes the delay here unreasonable. *See Kagan*, 795 F.2d at 610 (affirming denial of Rule 60(b) motion filed about three months after plaintiff learned of the dismissal); *Webb v. Fillipitch*, No. 20-cv-5828, 2025 WL 2057949 at *2 (N.D. Ill. June 20, 2025) ("Courts, however, routinely find that it is unreasonable for a plaintiff to wait over three months to bring a Rule 60(b) motion—even when the plaintiff is pro se.").

Mr. Scott's Rule 60(b)(4) motion is therefore **DENIED** as untimely. Dkt. [29].[2] Because Mr. Scott is not entitled to relief under Rule 60(b), his motions to stay the enforcement of the judgment and to conduct limited discovery are **DENIED**. Dkt. [35]; dkt. [36].

**SO ORDERED.**

Date: 7/6/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[2] Because Mr. Scott's motion is untimely, the Court does not address Screenco's remaining arguments about why it should be denied.