UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SCREENCO SYSTEMS, LLC, Plaintiff, v. SCOTT SEPTIC & PORTABLES, INC. *et al.* Defendants. | ) | No. 1:23-cv-00305-JPH-CSW |

**ORDER DENYING REQUEST TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Defendant James Scott Jr. seeks leave to proceed on appeal without prepaying the appellate fees. Dkt. 41. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). "Good faith," in the context of § 1915(a)(3), refers to the "more common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). In other words, § 1915(a)(3)'s "good faith" determination is not about the plaintiff's sincerity in requesting appellate review. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). A sincere litigant still lacks objective "good faith" under § 1915(a)(3) if his claim is one that "no reasonable person could suppose to have any merit." *Lee*, 209 F.3d at 1026.

Under this standard, Mr. Scott's request to appeal *in forma pauperis* is denied. To the extent Mr. Scott seeks to appeal the Court's April 17, 2024 amended final judgment, dkt. 28, his notice of appeal filed August 2, 2026 is

untimely, dkt. 38, preventing him from appealing the judgment. *See Coney Island Auto Parts Unlimited, Inc. v. Burton*, 607 U.S. 155, 159 (2026) (a party cannot "wait as long as it want[s] before filing a notice of appeal" challenging an allegedly void judgment); *Upchurch v. O'Brien*, 111 F.4th 805, 811 (7th Cir. 2024) ("A party who wishes to appeal a judgment or order in a civil case must filed a notice of appeal within thirty days after the entry of such judgment, order or decree.").

For the denial of Mr. Scott's motion to vacate the judgment, that order explained that the motion was untimely. Dkt. 37. Mr. Scott filed his motion to vacate more than two years after the entry of judgment, and "waited many months after learning of" the judgment before filing his motion to vacate. *Id.* at 2–4 (citing *Coney Island*, 607 U.S. at 161; *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)). Under these facts, there is no objectively reasonable argument that Mr. Scott's proposed appeal has merit, so this appeal is not taken in "good faith," and the motion for leave to proceed on appeal *in forma pauperis* is **DENIED**. Dkt. [41].

**SO ORDERED.**

Date: 8/19/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel